Good morning, Your Honors. My name is Meredith Heller, and I represent Defendant Appellant Matthew Wright. May it please the Court. The shocking thing about this case is this is one of the few examples where a judge truly did abuse her discretion in relying solely on the 70-day speedy trial calendar that Congress had issued and denied a reasonable request for an adjournment in order to properly investigate the case. Mr. Wright was arrested July 28th, 2016. He was tried, I'm sorry, 16, and he was, his trial started October 3rd. Several times during the period between his arraignment in front of the district court and the start of the trial, trial counsel asked for a reasonable adjournment in order to investigate witnesses, in order to investigate a six-pack photo ID that a victim had identified another party, and to investigate one of the crucial elements of the Hobbs Act robbery, whether the funds were in interstate commerce. Was the defendant aware of the victim's statements soon after the arraignment? He was aware of the victim's statements. However, it's very hard to investigate when he was unaware of who the victims were. The government did not turn over their identities until, I believe, about two weeks prior to trial, and even at that point, it's very difficult in the lead-up to a trial to adequately investigate, to talk. But there were two victims in this case, and he was unable to even speak to the other. So I think that the fact that the government did disclose that there was a different ID and everything at arraignment, while helpful, is not the most useful information to investigate when you don't know who did the wrongful ID. So, as far as I understand, if I'm not wrong, on September 19th, the defense counsel was given the names of the victims' lawyers and their telephone numbers, and the defense counsel had an investigator. And he was given the names on September 19th, which was a Thursday. Trial was October 3rd. I know defense counsel is very thorough, but that suggests that everybody is sitting waiting for this call. These other attorneys may not have called them back on this, I'm not sure, but this information needs to be investigated more than one initial call to an attorney. The investigator tried to go to one of the victims' apartments to see if he would be willing to talk. This was really not adequate time for a thorough investigation. Is it an abuse of discretion? It was an abuse of discretion in this case because the request for an adjournment was reasonable. There was only one request for an adjournment. I mean, this was the first request. Is that all you need for there to be an abuse? If the request is reasonable and the judge says no, then that's an abuse? I think the judge's rejection, denial of the request was unreasonable because she purely stated Congress has set a 70-day speedy trial schedule. This is a simple case. Well, part of the problem with it being a simple case is you don't really know that until you're able to adequately investigate. I agree that on its face it's obviously not a securities fraud case or a complicated case involving a large drug trafficking organization. That does not mean it should be inadequately investigated. How long did the trial take? Two days. I see I have more time. I'm kind of interested in the fact that you haven't said anything about Sessions v. DiMaio yet. Yes. You started with that, frankly, but in any event, and neither one of you has submitted 28 J letters to us yet, do you ask for an opportunity to submit to us on what the implications are with regard to that, the Supreme Court's ruling on Monday? Chief Justice seems to think that ACCA's in trouble. I seem to think ACCA's in trouble as well. I am very pleased that they found that the second part is also unjustifiably vague. Do you have a 28-J letter in? Is that what you want to do? Yes, I do. Yes, Your Honor. It's a leading question. It is a leading question, and I answered it. Yes. I'm looking forward to it. There are other cases in the queue, too, so. That's correct. Barrett is. So I was going to hold off a bit on that, but I'm more than happy to put in a 28-J letter. Anything else? You can save your time for rebuttal. I'll save my time for rebuttal. Thank you. We'll hear from the government. May it please the Court, my name is Matthew LaRoche. I'm an assistant United States attorney in the Southern District of New York. I represent the government in this appeal. I also represented the government in the proceedings below. I'm first going to start with the trial adjournment issue, and then I'll move to DMIA and the 924C force clause and risk of force clause. There was no abuse of discretion here. Judge Caproni, from the beginning of this case at the arraignment, made clear that this was a firm trial date, that this was an exceedingly simple case with very little discovery. The defendant had ample opportunity to investigate, including the statements of the victims, which the defendant was aware of two days after that arraignment. And to this day, the defendant — Without names. Without names. That's correct, Your Honor, but the government provided the names at least two weeks before trial, which was sufficient time for the defendant to investigate that. And, in fact, the defendant did investigate the victims and was aware before trial that they were simply going to plead the Fifth and would not be available as witnesses. So the standard here is not whether the decision was, quote, unquote, reasonable. The standard is whether Judge Caproni made an arbitrary decision that substantially impaired the defense, and clearly that's not what happened here. The decision was not arbitrary because the case was exceptionally simple. When Judge Caproni was presented with an application to adjourn the trial two weeks before, she did not immediately deny it. She took it under advisement. The defendant then had an opportunity to submit the bases for that adjournment request. Judge Caproni considered it and then articulated a basis for denying it at the pretrial conference, and that basis was eminently reasonable. It was that whether she gave the defendant two weeks, a month, three months, this trial was not changing, and the information with respect to the victim in this case was not changing, and the defendant had ample opportunity to investigate that. So there was not an arbitrary decision there. This decision also did not impair the defense, let alone substantially impair the defense. The defendant had this information and knew in advance of the trial that Victim 1 was not going to testify. So there was simply no information that the defendant could have gained from Victim 1 that would have helped the case. With respect to the 924C clause, the government recognizes that DiMaia is obviously a substantial opinion and affects this case. The government recognizes that DiMaia addressed Section 16B, which has identical language to 924C's risk of force clause. I can report that the Solicitor General is in the process of considering DiMaia and considering whether and how the Department of Justice will continue to defend the 924C risk of force clause going forward. That said, DiMaia does not address the force clause. DiMaia does not cast doubt in any way on the force clause. This Court's decision in Hill, which addressed whether substantive Hobbs Act robbery satisfied the force clause, is not affected by DiMaia, and we've set forth arguments in our briefs as to why conspiracy to commit Hobbs Act robbery qualifies under the force clause. And so on that basis, the Court could affirm the defendant's convictions in this case. Are you able to submit something on behalf of the government, or do you need to wait until the merits are headed? I'd forgotten about the merits. So maybe we don't. Well, I suspect it's probably better to wait to see what the panel in Barrett does and then submit after that, because we won't do anything until Barrett's decided. That's correct, Your Honor. Judge Wesley withdraws his leading question. I withdraw my leading question. We'll hear the rebuttal. Thank you. Thank you, Your Honor. Briefly, Your Honors, thank you. There were two victims in this case. They pled the fifth anyway? Victim one did. Victim two I don't believe was reached yet. Was the lawyer reached for victim two? I do not know, Your Honor. But there were these two victims. To assume that a case is very simple just because on its face at arraignment it appears so begs the question. It's going to be very simple if you don't have an adequate opportunity to investigate. A 70-day trial schedule was just insufficient based on all the different factors that defense counsel was dealing with, with the two witnesses, with the different IDs, and the request for an adjournment was reasonable. Thank you, Your Honors. Thank you. We'll reserve decision. Thank you both.